FRANK F. FINKS V. ALFRED ABEEL ET AL.

Decided November 25, 1903.

**1.—Vendor's Lien—Limitation—Superior Title.**

The assignee of a note secured by vendor's lien expressly retained in the deed and who holds also a transfer of the assigner's interest in the land, can recover the land itself, where limitation is successfully pleaded to a suit for recovery and foreclosure on the note.

**2.—Payment—Evidence.**

The evidence held to support a finding that a note sued on had not been paid.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*Clark & Bolinger* for appellant.

*Sleeper & Kendall,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellees brought this suit against John H. Finks, F. F. Finks, and W. K. Finks, upon a promissory note executed by W. C. Kellum, payable to the order of E. E. Dismuke, and secured by a vendor's lien expressly retained on certain real estate in the city of Waco.

The defendant F. F. Finks denied liability on his part, asserted that the note had been paid, and if not, that it was barred by limitation.

In reply to the answer of F. F. Finks the plaintiff alleged that he had acquired the superior title to the land by purchase from Dismuke, and prayed in the alternative for a recovery of the land. The trial court rendered judgment for the plaintiff for the land, and F. F. Finks has appealed.

The trial judge did not file separate findings of fact and conclusions of law, but incorporated in the judgment the following conclusions: "That the plaintiff is the owner of the note sued on; that same has never been paid; that to secure payment of said note, the vendor's lien was expressly retained in deed from E. E. Dismuke to W. C. Kellum; that the defendants assumed and agreed to pay off said note, as recited in the deed from Kellum to the defendants, as set out in plaintiff's petition, and the plaintiff holds the superior title to said land by conveyance from E. E. Dismuke, as set out in his first supplemental petition, and that the right of plaintiff to recover on the note sued on is barred by the statute of limitation."

There is testimony in the record which sustains all of these findings, and we therefore adopt them as correct. Such being the facts the trial court rendered the proper judgment. The defendant having pleaded limitation against the note, and the plaintiff having acquired from Dis-

muke the superior title he was entitled to recover the land. Wright v. Cole, 9 Texas Civ. App., 277, and the cases there cited.

It is strenuously contended on behalf of appellant that the note had been paid, and the lien thereby extinguished, before the note came into the possession of the appellee, but we think the testimony supports the trial judge's finding that the note had not been paid.

All the assignments of error have been considered, and no grounds for reversal being shown, the judgment is affirmed.

*Affirmed.*

Writ of error refused.